CASTLEBERRY *et al. v.* LONG *et al.*

No. 9059. JANUARY 14, 1933. REHEARING DENIED FEBRUARY 23, 1933.

*George F. Fielding,* for plaintiffs.

*Pearce Matthews* and *Bryan, Middlebrooks & Carter,* for defendants.

BECK, P. J. Gordon Castleberry for himself, and J. W. Simmons, successor to T. C. Miller, clerk of the superior court of Fulton County, for the use of Gordon Castleberry, filed a petition against T. J. Long Jr., Walter B. Stewart, and United States Fidelity and Guaranty Company, alleging in substance as follows: T. J. Long Jr. and Walter B. Stewart were appointed receivers for the property and assets of the Southern Realty & Trust

Corporation, in the case of George Ripley Jr. against that corporation. Prior to that appointment the plaintiff contracted with Southern Realty & Trust Corporation for the purchase of a described lot of land, and under the terms of the contract he was to pay a certain amount of cash and the balance in monthly instalments. He paid part of the notes before the corporation was placed in the hands of the receivers, and thereafter received a letter advising him of the receivership and that the receivers were holding the remaining forty-three notes. He thereafter continued to make monthly payments to the receivers until he had paid all the remaining forty-three notes. Some of the notes, were paid to Stewart while he was acting as receiver, and certain of them were paid to Stewart after an order had been passed by the court discharging him as receiver and the surety on his bond. After paying the last of the purchase-money notes, the plaintiff demanded of the receivers title to the lot which he had contracted to buy, the last payment having been made to Stewart on March 6, 1931. This was approximately one year after the receivers had been discharged by order of the court. Plaintiff alleged that without his knowledge the property which he had contracted to purchase from Southern Realty & Trust Corporation was encumbered, at the time he signed his contract of purchase, by two loan deeds; that one of these deeds was foreclosed pending the receivership, and title to the lot was taken in the name of Mrs. Ida H. Whitney; that the receivers, Stewart and Long, filed a final report, together with an auditor's report attached, which the court accepted, and, on May 13, 1930, signed an order discharging the receivers and exonerating the sureties on their bond; that plaintiff did not know of this discharge, and continued to make payments to Stewart until March 6, 1931, and at that time made demand for a conveyance of the lot by the receivers, or in default thereof a return of the money which he had paid to Stewart; and that the report filed by Stewart and Long was false and fraudulent. The plaintiff prayed that the order discharging the receivers be vacated; that he have judgment against Long and Stewart, either or both; that Simmons, successor to Miller, former clerk of the superior court, for the use of the plaintiff, have judgment against the United States Fidelity and Guaranty Company, as surety on the bond of the receivers, in such amount as it may be determined the surety is liable for under the terms of the bond.

To this petition T. J. Long Jr. and United States Fidelity and Guaranty Company filed demurrers. Upon the hearing the court sustained the general demurrer and dismissed the case as to Long and the Guaranty Company. To this judgment the plaintiffs excepted.

The court did not err in sustaining the demurrer. Long and Stewart were appointed receivers on September 7, 1927. Castleberry knew that they had been appointed receivers, knew they were handling the property in question, the property formerly belonging to Southern Realty & Trust Corporation, with whom he had previously contracted to purchase the lot of land in question, and knew of the proceedings brought by George Ripley Jr. against the Southern Realty & Trust Corporation, which resulted in the appointment of the receivers. While he alleges that he did not know that the final report had been filed, it is to be presumed that he knew that at some time the receivers would file their final report and ask to be discharged. It does not appear what disposition was made of the funds received by the receivers from the plaintiff. The funds may have gone to the discharge of the first mortgage on the real estate, or may have been consumed as a part of the expenses of administration, or may have been used for some other purpose; and it is to be presumed that the funds received by the receivers in the administration of the affairs of the Realty & Trust Corporation were paid out by order and authorization of the court having jurisdiction over the receivers; for a receiver can not pay out money in his possession without an order of court. But at any rate, knowing that the affairs of the Realty & Trust Corporation were in the hands of the receivers named, for the purpose of disposing of the same according to law and the orders of the court passed in the receivership case, Castleberry should have intervened and placed before the court for adjudication any equitable claims that he may have had, by virtue of the payments made upon the purchase-price of the lot in question, to a deed from the receivers conveying the title to the lot to himself. The property of the Southern Realty & Trust Corporation was under a mortgage when plaintiff made the contract for the purchase of the lot. If the plaintiff had rights superior to that lien, or if he had rights superior to other creditors of the corporation, he could have intervened in the case and asserted those rights. No promises made by Stewart could give to

the plaintiff rights or claims that did not exist under the facts of the case as they existed at the time the receivers were appointed. "Where property has been placed in the hands of a receiver, all persons properly seeking to assert equitable remedies against these assets should become parties to the cause by intervention and prosecute their remedies therein." Civil Code, § 5478. See also the decisions by this court cited under that section. The plaintiff, having failed to intervene in the case and to thereby assert his rights, can not now have the order discharging the receivers vacated and set aside, especially as he delayed filing his petition for considerably over a year after the receivers were discharged; he can not now have that judgment set aside so as to reinstate the receivership and have an accounting for the money that he paid to one of the receivers, so that he may insist upon his right to a judgment against the receivers and against the surety on their bond. The petition sets out in detail certain representations made by Stewart, one of the receivers, to plaintiff, and his promise that, if payment of the purchase-price was made, a deed to the lot in question would be executed to plaintiff. Whether or not such promise made by a receiver to perform certain acts which he could not perform except by order of the court would render him personally liable is a question which is not before us for decision. If the payments were received from the plaintiff by Stewart, one of the receivers, these payments do not appear in the final report of the case. If these payments were withheld by Stewart, it may be the plaintiff could look to him for the amounts so paid. But we do not decide that question; we only hold that, under the facts pleaded, the plaintiff's petition was subject to the general demurrer filed by Long and United States Fidelity and Guaranty Company.

*Judgment affirmed. All the Justices concur.*